# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Ed Wilkes and Softwise, Inc.,

    Plaintiff,

v.

7 Medical Systems, LLC, a
Minnesota limited liability corporation,

    Defendant.

Court File No. _____

## COMPLAINT

Plaintiffs Ed Wilkes and Softwise, Inc., for their Complaint against Defendant 7 Medical Systems, LLC, a Minnesota limited liability corporation, states and alleges as follows:

## THE PARTIES

1. Ed Wilkes is an individual resident of the State of Virginia.

2. Softwise, Inc. is a Virginia corporation with its principal place of business in Roanoke, Virginia.

3. 7 Medical Systems, LLC is a Minnesota limited liability company with its principal place of business in Minneapolis, Minnesota.

## JURISDICTION

4. Jurisdiction of the subject matter is conferred upon this Court by 28 U.S.C. §1332(a)(1), because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant pursuant to 18 U.S.C. § 1965(a) and (d) because it resides in this District and otherwise has minimum contacts with the United States and are subject to service of process in any District in which it may be found, has an agent, or transacts its affairs.

## VENUE

6. Venue in the District of Minnesota is proper pursuant to 28 U.S.C. §1391(a)(2) because a substantial portion of the events giving rise to Plaintiffs' claims occurred in this district, and §1391(c) because a defendant corporation for venue purposes is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

## STATEMENT OF FACTS

### *The Parties*

7. In 1991, Wilkes created a company called Softwise, Inc. for the purpose of providing billing services to medical practitioners.

8. Softwise was originally owned by Wilkes and another investor, and from 2014 to the date Softwise's assets were sold, Wilkes was the sole owner of Softwise.

9. 7 Medical Systems LLC is, and at all relevant times was, in the business of providing cloud-based solutions for the healthcare industry.

*The Agreements*

10. On or around January 1, 2016, Wilkes, Softwise, and 7 Medical Systems entered into an Asset Purchase Agreement, a true and correct copy of which is attached as Exhibit A.

11. In connection with the Asset Purchase Agreement, 7 Medical also executed a Secured Promissory Note, and 7 Medical and Softwise executed a Security Agreement and an Asset Pledge Agreement. The Secured Promissory Note is attached as Exhibit B, the Security Agreement is attached as Exhibit C, and the Asset Pledge Agreement is attached as Exhibit D.

12. The Asset Purchase Agreement provided that, in return for the delivery of certain assets owned by Softwise, 7 Medical agreed to pay Wilkes the sum of $485,000 in three separate installments in January, February, and March 2016.

13. Additionally, 7 Medical agreed to pay Wilkes the sum of $240,000, plus interest at the rate of 3% per annum, payable in 15 equal monthly installments beginning on July 1, 2016.

14. The Secured Promissory Note delineated the terms of the $240,000 obligation 7 Medical owed to Wilkes and also provided in pertinent part:

> 6. Default. The failure of the Borrower to make a payment required under this Note within ten (10) days after it becomes due, or otherwise to perform as required under this Note, or the occurrence of a default of the borrower under any of the other Loan Documents, shall constitute a default under this Note. Upon the occurrence of a default under

this Note, at the option of the holder of this Note, (a) a late fee in the amount of five percent (5%) of the overdue payment shall immediately be due and owing; (b) all amounts then unpaid under this Note shall bear interest for the period beginning with the date of occurrence of such default at a default rate equal to five percent (5%) above the Note Rate, payable monthly on the first day of each and every month, and (c) the holder of this Note may, at its option, declare immediately due and owing the entire principal sum of this Note together with all interest thereon, plus any other sums owing at the time of such declaration pursuant to this Note or the other Loan Documents.

\* \* \* \* \*

9. <u>Costs of Collection</u>.  In the event of any failure on the part of the Borrower to repay all or any portion of this Note when the same is due, the Lender shall be entitled to recover from the Borrower all costs of collecting the same, including but not limited to reasonable attorneys' fees and other costs of suit.

15. The Asset Purchase Agreement and Secured Promissory Note provided that the $240,000 owed to Wilkes was subject to an "Earn-Out Adjustment" that could increase or decrease based on revenue generated by Softwise's accounts in the future, but it limited the potential reduction in the $240,000 promissory note to $75,000.

16. In order to reduce the $240,000 owed to Wilkes, 7 Medical was required by the Asset Purchase Agreement to deliver to Wilkes by January 10, 2017, an "Earn-Out Statement," certified by an officer of 7 Medical, itemizing, by customers, all amounts invoiced for the applicable earn-out period and the computation of the earn-out adjustment.

17. Also contemporaneous with the Asset Purchase Agreement, Wilkes and 7 Medical executed an Employment Agreement, a true and correct copy of which is attached as Exhibit E.

18. The Employment Agreement provided in pertinent part: "[Wilkes] shall receive medical and any other benefits or life insurance or fringe benefits that are currently offered to other full-time Employees of the Company, which benefits may be modified from time to time for the Employee just as such benefits provided to the other Employees of the Company may be modified in the future."

*The Breaches*

19. Beginning October 1, 2016, in breach of the Secured Promissory Note, 7 Medical failed to remit to Wilkes the $16,000 monthly payment, and 7 Medical failed to make all monthly installments due after October 1, 2017.

20. 7 Medical failed to provide Wilkes or Softwise an "Earn Out Statement" or otherwise advise Wilkes or Softwise that it believed that it was entitled to a reduction in the sums owed under the Secured Promissory Note by the January 10, 2017 deadline.

21. 7 Medical owes Wilkes, as of June 19, 2017, the sum of $220,111.92, plus interest accruing from that date and all attorneys' fees and costs incurred by Wilkes and Softwise in their efforts to collect the sums due.

22. In breach of the Employment Agreement, 7 Medical failed to provide Wilkes with the medical and other benefits it provided to its other employees.

**COUNT ONE**
**STATUTORY CLAIM AND DELIVERY**

23. Wilkes and Softwise reallege and incorporate by reference the allegations above.

24. Softwise is entitled to immediate possession of the Assets identified in Schedule 1 of the Asset Pledge Agreement (the "Pledge Assets").

25. 7 Medical has no lawful claim of ownership or continued possession of the Pledged Assets and is wrongfully detaining those assets.

26. 7 Medical has no defense to the merits of Softwise's ownership or possessory claims which would, if established at hearing on the merits, entitle 7 Medical to retain possession of the Equipment.

27. Pursuant to Minn. Stats. Ch. 565, Softwise is entitled to an Order of this Court:

    (a) directing the Sheriff to immediately enter 7 Medical's premises, by force if necessary, and to immediately seize the Pledged Assets from 7 Medical and deliver possession of same to Softwise, with the dismantling and removal of the Pledged Assets to be performed by Softwise representatives on 7 Medical's premises under the Sheriff's supervision;

    (b) requiring that 7 Medical, its agents and employees permit the orderly removal of the Pledged Assets from 7 Medical's premises by Softwise, and order that 7 Medical cease accessing and using the software, and any copies of the software, acquired in the Asset Purchase Agreement;

    (c) directing 7 Medical, its employees and agents to leave the Pledged Assets in place, as is and unaltered in any manner, pending the removal of same by Softwise;

(d)     providing that, if peaceable delivery of the Equipment is not made, or if the Pledged Assets are altered or otherwise tampered with, a designated employee of 7 Medical must appear in court at a specified time and place to show cause why an order should not be entered finding 7 Medical in contempt of court.

28.     The bond required by section 565.25, subdivision 1, is not necessary because the interests of 7 Medical, if any, are adequately protected.

29.     In the alternative, the Court should order that a bond be filed by Softwise pursuant to section 565.25, subdivision 1, in an amount no greater than an amount that is one and one-half times the amount of the estimated current fair market value of the Pledged Assets.

## COUNT TWO
## BREACH OF CONTRACTS

30.     Wilkes and Softwise reallege and incorporate by reference the allegations above.

31.     7 Medical breached the Asset Purchase Agreement and Secured Promissory Note by failing to make the required monthly payments, and it breached the Employment Agreement by failing to provide Wilkes with the medical and other benefits it provided to its other employees.

32.     7 Medical breached the Employment Agreement by failing to provide Wilkes with the medical and other benefits it provided to its other employees.

33.     As a direct result of 7 Medical's breaches of contracts, Wilkes has been damaged.

34. Wilkes is entitled to an award of damages for breaches of contracts in an amount in excess of $75,000, including an award of his costs and attorneys' fees incurred herein.

## COUNT THREE
## UNJUST ENRICHMENT

35. Wilkes and Softwise reallege and incorporate by reference the allegations above.

36. As a result of its tortious, unlawful, and inequitable conduct described above, 7 Medical has been unjustly enriched at Wilkes' and Softwise's expense.

37. Equity requires that 7 Medical make restitution for all benefits unjustly received in an amount in excess of $75,000.

**WHEREFORE,** Plaintiffs Ed Wilkes and Softwise, Inc. pray that the Court enter its Order pursuant to Minn. Stats. Ch. 565:

    (a) directing the Sheriff to immediately enter 7 Medical's premises, by force if necessary, and to immediately seize the Pledged Assets from 7 Medical and deliver possession of same to Softwise, with the dismantling and removal of the Pledged Assets to be performed by Softwise representatives on 7 Medical's premises under the Sheriff's supervision;

    (b) requiring that 7 Medical, its agents and employees permit the orderly removal of the Pledged Assets from 7 Medical's premises by Softwise, and order that 7 Medical cease accessing and using the software, and any copies of the software, acquired in the Asset Purchase Agreement;

(c) directing 7 Medical, its employees and agents to leave the Pledged Assets in place, as is and unaltered in any manner, pending the removal of same by Softwise;

(d) providing that, if peaceable delivery of the Pledged Assets is not made, or if the Pledged Assets are altered or otherwise tampered with, a designated employee of 7 Medical must appear in court at a specified time and place to show cause why an order should not be entered finding 7 Medical in contempt of court;

(e) providing that the bond required by section 565.25, subdivision 1, is not necessary and is waived because the interests of 7 Medical, if any, are adequately protected or, in the alternative, that Softwise shall file its bond pursuant to section 565.25, subdivision 1, in an amount no greater than an amount that is one and one-half times the amount of the estimated current fair market value of the Equipment.

Wilkes further prays that judgment be entered in his favor and against 7 Medical in an amount greater than $75,000.00, together with pre-judgment and post-judgment interest thereon at the maximum rate allowed by law, and for all other relief which is just and equitable, including an award of Wilkes' and Softwise's reasonable costs, disbursements, and attorneys' fees incurred herein.

**HENSON & EFRON, P.A.**

Dated:  August 31, 2017        By */s/ Court J. Anderson*
       Court J. Anderson, #331570
       220 South Sixth Street, Suite 1800
       Minneapolis, MN  55402-4503
       Telephone:  (612) 339-2500
       canderson@hensonefron.com

       *Attorneys for Plaintiff*

4849-1121-3388, v. 2